UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80802-CIV-MATTHEWMAN

LARRY RUBEN OCHOA, III,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

FILED BY ____KJZ____ D.C.

Jul 22, 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## AMENDED ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C.A. § 2412 [DE 29]

**THIS CAUSE** is before the Court upon Plaintiff, Larry Ruben Ochoa, III's ("Plaintiff") Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 42 U.S.C. § 2412 ("Motion") [DE 29]. Plaintiff has filed supporting documentation, as well as a Certificate of Conference [DE 29-10], stating that Defendant, Commissioner of Social Security ("Defendant"), has no objection to the relief sought in the Motion.

### I.   BACKGROUND

On June 14, 2016, Plaintiff filed a Title II application for a period of disability and disability benefits, as well as a Title XVI application for supplemental security income. [DE 21, p. 113]. On February 7, 2020, Plaintiff filed his Motion for Summary Judgment [DE 26] before this Court, arguing that the ALJ's decision in denying the disability applications should be reversed and remanded. On March 9, 2020, the undersigned granted Defendant's Unopposed Motion to Remand [DE 27], remanded to the Commissioner under Sentence Four of 42 U.S.C.

1

§ 405(g), and entered Final Judgment in favor of Plaintiff and against Defendant. [DE 28]. Thereafter, Plaintiff filed the pending Motion.

The Court has carefully reviewed the Motion and the attachments, which include Plaintiff's Attorney's Affirmation in Support of Motion for EAJA Fees [DE 29-1], EAJA Calculation Tables [DE 29-2], Plaintiff's counsel's and paralegal's billing records [DEs 29-3, 29-4, 29-5], Plaintiff's counsel's records of costs [DE 29-6], an Affirmation and Waiver of Direct Payment of Direct Payment of EAJA Fees [DE 29-7], the Memorandum in Support of Plaintiff's Petition for Counsel Fee Allowance under Equal Access to Justice Act [DE 29-8], the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C.A. § 2412 [DE 29-9], and the Certificate of Conference [DE 29-10]. Plaintiff is seeking attorney's fees in the amount of $4,241.68 and expenses in the amount of $28.00. [DE 29].

Plaintiff asserts that he has met the burden necessary to receive EAJA fees because Plaintiff's net worth did not exceed $2,000,000.00 when this Court entered an Order remanding this matter back to the Commissioner for further administrative proceedings, judgment was entered and has not been appealed, Plaintiff has prevailed, and the Commissioner was not substantially justified. [DE 29-8].

## II.   ENTITLEMENT TO ATTORNEY'S FEES

This dispute is governed by the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The EAJA states in pertinent part:

> "[A] court shall award to a prevailing party other than the United States" a reasonable attorney's fee and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

*See Taylor v. Heckler*, 778 F. 2d 674, 675 (11th Cir. 1985) (quoting 28 U.S.C. § 2412(d)(1)(A)).

Under EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

The law is clear that a plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Moreover, an EAJA request is timely if it is made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). Here, the Court entered the Order of Remand and Final Judgment [DE 28] on March 9, 2020, and the Motion was filed on June 8, 2020. Thus, it is timely.

Next, an EAJA motion must allege that the Commissioner's position was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and then the Commissioner bears the burden to show that it was, *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). Here, the Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner does not attempt to show otherwise.

Finally, Plaintiff has asserted in the Motion that his net worth was less than $2 million when he filed the case as shown [DE 29-1].

The first four conditions are met, and no special circumstances would make the award of fees unjust. Thus, Plaintiff is entitled to receive an EAJA award.

### III.     REASONABLENESS OF ATTORNEY'S FEES CLAIMED

Next, attorney's fees requested pursuant to the EAJA must be reasonable and

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). A reasonable hourly rate is the prevailing market rate in the "relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Holsey v. Comm'r of Soc. Sec. Admin.*, NO. 3:14-cv-938-J-PDB, 2015 WL 8479301, *2 (M.D. Fla. Dec. 10. 2015).

Plaintiff asserts that his attorney's hourly rate of $202.76 and the paralegal's hourly rate of $80 are reasonable as there has been an increase in the cost of living since the amendment to the EAJA took effect on March 29, 1996, and a cost of living increase is specifically mentioned in the EAJA as a factor justifying a fee greater than $125.00 per hour. [DE 29-1]. Plaintiff has also provided time sheets that include detailed descriptions of the services performed and the time spent on each service. [DEs 29-3, 29-4, 29-5]. Plaintiff's counsel billed a total of 18 hours, and the paralegal billed a total of 7.4 hours. [DE 29-1].

Based on the Court's own knowledge and expertise in the award of attorney's fees, the Court finds that the hours spent are reasonable and that the hourly rate sought—which accounts for applicable cost of living adjustments, 28 U.S.C. § 2412(d)(2)(A)(ii)—is in full accord with applicable statutory standards. Suzanne L. Harris, Esq., specializes in handling social security appeals, as reflected in her many appearances before this Court.

In sum, considering the services provided to Plaintiff, the procedural history of the case,

4

the matters at issue, and the effort required, the Court finds that the attorney's fee award sought by Plaintiff is reasonable. The Court also notes that the Commissioner has no objection to the fees sought.

## IV. EXPENSES

Plaintiff is also seeking reimbursement of expenses of $28.00 for Certified Summons & Complaint to the Defendant's offices. [DEs 29-1, 29-6]. The EAJA authorizes the award of costs and expenses. *See Peardon v. Comm'r of Soc. Sec.*, No. 616CV219ORL41GJK, 2017 WL 3917615, at *2 (M.D. Fla. Aug. 24, 2017), *report and recommendation adopted*, No. 616CV219ORL41GJK, 2017 WL 3896445 (M.D. Fla. Sept. 6, 2017); *Davis v. Apfel*, 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *4 (M.D. Fla. Aug. 14, 2000). The expenses sought here are reasonable and should be awarded to Plaintiff.

## V. ASSIGNMENT OF FEES AND EXPENSES

Because Plaintiff is eligible and his requested attorney's fees and costs are reasonable, the Court grants the Motion and awards him his attorney's fees and expenses sought. Plaintiff has attached to the Motion an Affirmation and Waiver of Direct Payment of EAJA Fees [DE 29-7] signed by Plaintiff.[1] Since Plaintiff has assigned any fees awarded under EAJA to his attorney and has already provided a copy of this assignment to Defendant, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, any remaining EAJA fees should be sent directly to Plaintiff's counsel.

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's

---

[1] Even if Plaintiff's assignment is invalid for failure to comply with certain requirements of the Anti-Assignment Act, the Commissioner may waive the requirements of the Anti-Assignment Act and recognize the Plaintiff's assignment. *See Delmarva Power & Light Co. v. U.S.*, 542 F.3d 889, 893-94 (Fed. Cir. 2008). The Commissioner did so here, as he did not oppose Plaintiff's Motion which clearly requested that any fee award be paid to Plaintiff's counsel if Plaintiff does not owe a federal debt. *Garcia v. Colvin*, No. 15-21711, 2017 WL 201837, at *2 (S.D. Fla. Jan. 17, 2017).

Motion [DE 29] is **GRANTED**. Plaintiff is awarded $4,241.68 in attorney's fees and $28.00 in expenses.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 22nd day of July, 2020.

*[signature]*
WILLIAM MATTHEWMAN
United States Magistrate Judge